IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CHRIS PETERSEN, individually &
on behalf of all similarly situated,

    Plaintiff(s),

v.

U.S. QUALITY FURNITURE SERVICES, INC.

    Defendant.

---

## Complaint

---

    1. The Plaintiff, Chris Petersen, was employed as an in-home service repair technician for Defendant, U.S. Quality Furniture Services, Inc.

    2. Defendant conducts business in Colorado.

    3. Plaintiff sues Defendant for unpaid overtime and statutory damages on his own behalf and on behalf of all similarly situated—in-home service repair technicians that are also referred to as craftsmen, craftspeople and technicians—pursuant to 29 U.S.C. § 216(b) for violating 29 U.S.C. § 215(a)(2).

    4. Defendant employs in-home service repair technicians in over two dozen states.

    5. Defendant employs in-home service repair technicians in 28 states. See www.usqfs.com/jobs.htm.

    6. Defendant dispatches 180,000 calls nationwide on an annual basis. Id.

1

7. Defendant services the nation's leading retailers. Id.

8. Defendant was an employer of Plaintiff.

9. Defendant has been the employer of numerous in-home service repair technicians.

10. The primary job duty of in-home service repair technicians is to repair wood, upholstery and leather furniture.

11. In-home service repair technicians are paid in a similar manner.

12. In-home service repair technicians are not expected to clock in.

13. In-home service repair technicians go from their homes to the work site.

14. Defendant supplies in-home service repair technicians laptop computers.

15. Defendant supplies in-home service repair technicians digital cameras.

16. Defendant supplies in-home service repair technicians Nextel radios or communication devices..

17. All consumable supplies that in-home service repair technicians use from staples to Mohawk products are provided by Defendant.

18. Defendant pays in-home service repair technicians pursuant to the same pay policy.

19. In-home service repair technicians are not paid by the hour.

20. Defendant does not keep track of the hours that in-home service repair technicians work by the day.

21. Defendant does not keep track of the hours that in-home service repair technicians work by the week.

22. In-home service repair technicians are not paid overtime.

23. Defendant pays in-home service repair technicians for work performed.

24. Defendant's Technician Pay Policy does not provide overtime pay for hours worked over forty in a workweek.

25. Defendant does not distinguish payment for work performed for regular hours and overtime hours.

26. Defendant treats all in-home service repair technicians, regardless of location, in the same manner as it relates to the payment of overtime.

27. Defendant's Technician Pay Policy violates the Fair Labor Standards Act (FLSA or Act).

28. Defendant has annual gross revenues of over $1,000,000 a year.

29. Defendant employs employees individually covered by the FLSA.

30. Defendant employs employees that handle goods or materials that move in interstate commerce.

31. Defendant is in the business of furniture repair.

32. Defendant is paid by retailers or warranty policies for its services.

33. In-home service repair technicians primarily provide services for corporations rather than individuals.

34. Defendant is an enterprise as defined by Section 3(r) of the FLSA.

35. Defendant is an enterprise engaged in commerce as defined by Section 3(s)(1) of the FLSA.

36. Defendant was Plaintiff's employer as defined by Section 3(d) of the FLSA.

37. Within the past three years Defendant has employed dozens of in-home service repair technicians throughout the United States that had similar job duties as Plaintiff.

38. Within the past three years Defendant has employed dozens of in-home service repair technicians throughout the United States that were paid pursuant to the same pay practice as Plaintiff.

39. Plaintiff and similarly situated in-home service repair technicians work overtime hours without overtime pay.

40. Defendant does not discriminate against in-home service repair technicians in regards to pay and job duties.

41. In-home service repair technicians work and are paid pursuant to the same employment policies promulgated by Defendant.

42. Any in-home service repair technician that has worked more than forty hours in a week one or more times within the past three years without receiving overtime is similarly situated to Plaintiff.

43. Defendant refers to in-home service repair technicians as craftsmen, craftspeople, furniture craftsman and technicians.

44. Defendant has been aware of the FLSA for more than three years.

45. Defendant willfully violated the FLSA as it relates to in-home service repair technicians.

46. Defendant has acted in reckless disregard of the FLSA as it relates to in-home service repair technicians.

47. Defendant has not relied upon any DOL Opinion letters in its decision to not pay in-home service repair technicians overtime.

48. Defendant has not relied upon advice of counsel in its decision not to pay in-home service repair technicians overtime.

49. Defendant has been aware of Section 11(c) of the FLSA for more than three years.

50. Defendant has not complied with Section 11(c) of the FLSA as it relates to in-home service repair technicians.

51. Plaintiff worked overtime without receiving overtime pay.

52. Plaintiff and all similarly situated employees are entitled to overtime pay for overtime hours worked.

53. In-home service repair technicians were subjected to the same pay policy by Defendant.

54. Defendant currently has job openings in Colorado, Arizona, Illinois, North Carolina, Florida, Georgia, Missouri, Pennsylvania, Oklahoma and Texas.

55. The job openings identified in paragraph 54 require similar work as provided by Plaintiff for Defendant.

56. The job openings identified in paragraph 54 provide pay pursuant to the same pay policy that Plaintiff received from Defendant.

57. Defendant does not provide services for the general public.

58. Defendant provides services to retailers and manufacturers.

59. More than 25% of Defendant's revenues derive from warehouse deluxing.

60. Warehouse deluxing provides retailers an opportunity to resell their products while it is held by Defendant.

61. Defendant's niche of servicing retailers and manufacturers is not considered to be retail in the furniture repair industry.

62. Defendant provides services for the convenience of retailers and manufacturers rather than for the general public.

63. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

64. Venue exists because Defendant conducts business in Denver, Colorado.

65. Defendant does not possess the records required by 29 C.F.R. § 516.2(a)(7) for Plaintiff and other similarly situated employees.

66. Defendant does not possess the records required by 29 C.F.R. § 516.2(a)(10) for Plaintiff and other similarly situated employees.

67. Defendant does not know whether Plaintiff and other similarly situated employees always received one and one half the minimum wage as defined by 29 U.S.C. § 218(a) per hour each week.

68. Plaintiff and other similarly situated received less than one and one half the minimum wage as a regular hourly rate in one or more workweeks that they worked overtime.

Wherefore, Plaintiff demands conditional class certification, notice of his claim to all similarly situated employees, a declaration that Defendant has violated Sections 7(a)(1), 11(c) and 15(a)(2) of the FLSA, judgment, unpaid overtime due to him and all similarly situated, liquidated damages to him and all similarly situated, interest if liquidated damages are not awarded, attorneys' fees and costs.

Respectfully submitted this 18th day of January 2015,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Texas Bar Number 24066628
Florida Bar Number 643971
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Telephone – (407) 420-1414
Email—BMazaheri@forthepeople.com

*Counsel for Plaintiff(s)*